DLD-079                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1084
_____

JEROME J. PATELUNAS, II,
                                        Appellant

v.

ESTATE OF ANTHONY LUPAS JR.; UNKNOWN CO-CONSPIRATORS; LUZERNE
COUNTY; F.B.I.; LUZERNE COUNTY SHERIFF; FEDERAL BANKRUPTCY
COURT; STELL CONSTRUCTION; LAFLIN BOROUGH; G AND R
ENGINEERING; DEPT. OF JUSTICE; JOSH SHAPIRO; PENN STATE POLICE;
PENN ATTORNEY GENERAL; COMMONWEALTH OF PENNSYLVANIA;
DAVID LUPAS; TINA GARTLEY
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3:23-cv-02130)
District Judge:  Honorable Julia K. Munley
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
February 29, 2024

Before: JORDAN, PORTER, and PHIPPS, <u>Circuit Judges</u>

(Opinion filed: April 2, 2024)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Pro se litigant Jerome J. Patelunas, II, appeals from the District Court's decision dismissing his 42 U.S.C. § 1983 complaint without leave to amend and denying as moot his motion for a preliminary injunction. For the reasons that follow, we will summarily affirm that judgment.

I.

In December 2023, Patelunas filed in the District Court his complaint and a motion to proceed in forma pauperis ("IFP"). That barebones complaint, which was brought against certain companies and individuals, the estate of another individual, and numerous governmental entities (including, among others, an unspecified federal bankruptcy court, the Commonwealth of Pennsylvania, the Pennsylvania State Police, and the FBI), appeared to allege that the defendants were part of some criminal organization that had targeted Patelunas, his business, and his family so that he would not reveal the organization's "Ponzi-scheme and related criminal enterprises." (Compl. 3.) Patelunas asked the District Court to "make [him] whole," (id.), and he moved for a preliminary injunction.

The District Court granted Patelunas's IFP motion and screened his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Thereafter, on January 4, 2024, the District Court dismissed the complaint without leave to amend, denied as moot his motion for a preliminary injunction, and directed the District Court Clerk to close the case. In doing

2

so, the District Court explained that the complaint was subject to dismissal for two reasons (it was frivolous and failed to state a claim upon which relief may be granted), and that affording Patelunas leave to amend that pleading would be futile.  This timely appeal followed.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.  We exercise de novo review over the District Court's decision to dismiss Patelunas's complaint pursuant to § 1915(e)(2)(B).  See Dooley v. Wetzel, 957 F.3d 366, 373-74 (3d Cir. 2020).  "When reviewing a district court's refusal to grant a preliminary injunction, we review [any] findings of fact for clear error, [any] conclusions of law de novo, and [the court's] ultimate decision to deny the injunction for abuse of discretion."  Lara v. Comm'r Pa. State Police, 91 F.4th 122, 128 n.5 (3d Cir. 2024).  We may take summary action if this appeal fails to present a substantial question.  See 3d Cir. I.O.P. 10.6.

III.

The District Court aptly observed that Patelunas's complaint "offers no facts to support his allegations of a 'criminal organization' and 'Ponzi scheme,' only conclusions." (Dist. Ct. Mem. 10.) Patelunas "offers no explanation how each of the individual defendants fit into this alleged system," or "how any of the defendants have acted against him." (Id.) Furthermore, although he asks to be made whole, "he does not indicate any of the losses he has [allegedly] sustained as the result of the defendants' conduct." (Id.) At bottom, his complaint merely alleges "some nebulous 'criminal organization' involving all levels of the government with no other facts." (Id.) And his motion for a preliminary injunction "simply recasts the bald allegations of the complaint using different labels, including 'organized crime,' 'RICO level criminal scheme,' and 'organized criminal cabal.'" (Id. At 11.)

In view of the above, we find no error in the District Court's decision to dismiss Patelunas's complaint, without leave to amend, for failure to state a claim upon which relief may be granted.[1] See Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (indicating that, to survive dismissal, a complaint must "state a claim to relief that is plausible on its face" by alleging facts that "permit the court to infer more than the mere possibility of misconduct" (citation to quoted case omitted)); see also LaSpina v. SEIU Pa. State

---

[1] Given our conclusion here, we need not examine the District Court's alternative basis for dismissing Patelunas's complaint (i.e., that the complaint is frivolous).

Council, 985 F.3d 278, 291 (3d Cir. 2021) (explaining that "leave to amend need not be granted if amendment would be futile" (internal quotation marks omitted)).  Nor did the District Court err in denying his motion for a preliminary injunction.  Because this appeal does not present a substantial question, we will summarily affirm the District Court's judgment.[2]  Patelunas's "Motion for Emergency Injunctive Relief and Immediate Hearing" is denied.

---

[2] To the extent that Patelunas alleges that the presiding District Judge was biased against him, we see no evidence of any bias.  See generally Arrowpoint Cap. Corp. v. Arrowpoint Asset Mgmt., LLC, 793 F.3d 313, 330 (3d Cir. 2015) (explaining that "adverse rulings . . . are not in themselves proof of prejudice or bias").